IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

L.G. BARCUS & SONS, INC.,

      Plaintiff,

      v.                                        Case No.  05-2123-JWL

WILLIAM W. FAHERTY,

      Defendant.

_____

**MEMORANDUM AND ORDER**

Plaintiff originally filed this action in state court against defendant, asserting a claim for breach of contract and requesting injunctive relief.  Defendant then removed the case to this court pursuant to 28 U.S.C. § 1441, *et seq.*, as there is complete diversity of citizenship between the parties and the amount in controversy is in excess of $75,000.  This matter is presently before the court on plaintiff's motion to remand (Doc. # 17).

The court grants plaintiff's motion to remand because there is a mandatory forum selection clause in the employment contract between plaintiff and defendant that requires any litigation to take place in state court in Wyandotte County, Kansas.  Also, the court grants plaintiff's request for attorney's fees and expenses upon consideration of an affidavit by plaintiff regarding the amount requested and any response by defendant.

**Background**

Plaintiff is a Kansas corporation with its principal place of business located in Wyandotte County, KS. Defendant at all pertinent times resided in St. Louis County, Missouri and was a citizen of Missouri.

Plaintiff is engaged in the business of deep foundation construction, including the installation of driven piles, soil displacement piles, "AugerPile" foundation, sheeting and shoring, tiebacks and anchors, soil displacement pile and "AugerPile" retaining walls and heavy and civil construction, which takes place both in land and marine construction.

Plaintiff alleges that on or about September 28, 2000, plaintiff and defendant entered into an employment contract that included a covenant not to compete or interfere with business as well as a forum selection clause. During the course of his employment, defendant performed an "AugerPile" job at the CononoPhilips Wood River refinery in Roxanna, Illinois. Plaintiff alleges that defendant breached this contract by prematurely resigning from his employment with plaintiff on February 2, 2004, with his last day of employment being February 27, 2004. After ending his employment with plaintiff, defendant began working for Sub-Surface Constructors. Plaintiff alleges that defendant further breached the contract by engaging in direct competition with plaintiff when he prepared and submitted a bid as part of his employment with Sub-Surface Constructors for the construction of an "AugerPile" foundation at the CononoPhilips Wood River refinery, where he had previously worked on plaintiff's behalf, as plaintiff also submitted a bid for this job.

On February 18, 2005, plaintiff filed a verified petition and request for injunctive relief in the district court of Wyandotte County, Kansas alleging breach of contract and requesting injunctive relief. Plaintiff filed this action in state court in Wyandotte County based on the parties' agreement, which specifically provides that jurisdiction for any legal action arising under the employment contract shall be within the state of Kansas and that the proper venue shall be Wyandotte County.

**Analysis**

A defendant may remove any civil action brought in a state court if a federal court has original jurisdiction over the claim. 28 U.S.C. § 1441(a). A federal court has original jurisdiction over diversity actions where the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). However, parties may choose to limit the venue where a lawsuit is brought by contractual waiver with a forum selection clause. *See Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342 (10th Cir. 1992). The application of a forum selection clause by a federal court sitting in diversity is determined under federal rather than state law. *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 28 (1988)*; M.K.C. Equip. Co. v. M.A.I.L Code,* 843 F.Supp. 679, 682 (D.Kan.1994). Here, the parties do not dispute that this case meets the requirements for federal jurisdiction based upon complete diversity of citizenship and exceeding the required amount in controversy, but the parties disagree as to whether the forum selection clause is binding and if so whether the forum selection clause is permissive or mandatory. The court finds that the parties are bound by the forum selection clause and that the clause requires that the case be heard in state court in Wyandotte County, Kansas.

3

### A. Release from the Forum Selection Clause

Defendant opposes remand on the grounds that he was released from the forum selection clause that was part of his employment agreement by Jim Steding, vice president of plaintiff in a letter dated October 11, 2004. The allegation, understandably, does not appear in plaintiff's state court petition, nor does it appear in the notice of removal. Therefore, according to *Laughlin v. Kmart Corp.* 50 F.3d 871, 873 (10th Cir. 1995), the court would not consider that contention if it implicated the court's jurisdiction. *See also Green v. Harsco Corp.,* 215 F.3d 1336, 2000 WL 745353, at * 2 (10th Cir. 2000); *Firstar Bank, NA v. West-Anderson*, 2003 WL 21313849, at * 3 (D. Kan. 2003). Here, however, the question is not jurisdiction, which clearly exists, but venue.

Nonetheless, the defendant's argument based on release lacks merit. Defendant alleges that Mr. Steding gave him a release that stated:

> with respect to your employment at Subsurface Constructors, Inc. in St. Louis, MO, L.G. Barcus and Sons, Inc. hereby releases you from any and all restrictions placed on you by the Employment Agreement dated the 28th day of September, 2000 that was signed by you and myself. Any and all references, definitions or description of competitors in the Agreement shall be considered exclusive of Subsurface Constructors, Inc. in St. Louis, MO from this day forward. Remedies available to us under the agreement are therefore not applicable to your employment with Subsurface Constructors, Inc.

The purported release was, as defendant states in his response to plaintiff's motion for remand, "with regard to his employment at Subsurface Constructors, Inc.," and the release does not mention release from the forum selection clause. Defendant was not even arguably released

4

from the employment contract in its entirety. Because this is an action "arising under the employment contract," the forum selection clause controls.

### B.     Effect of the Forum Selection Clause

The parties also disagree what effect the forum selection clause that was part of defendant's employment contract has on this suit. Defendant believes that the clause is mandatory, requiring the case be heard in Kansas state court in Wyandotte County, Kansas, while plaintiff argues that the clause is permissive, allowing but not requiring the suit to be brought there. The forum selection clause states:

> The parties agree that the jurisdiction for any legal action arising hereunder, shall be within the State of Kansas and the proper venue shall be Wyandotte County, Kansas.

Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Milk 'N' More,* 963 F.2d 1342, 1346 (10th Cir. 1992). When interpreting contract language limiting the filing of actions, the goal is to give effect to the parties' intent as evinced by the language of the contract. *See SBKC Serv. Corp. v. 1111 Prospect Partners, L.P.,* 105 F.3d 578, 582 (10th Cir. 1997). In *Milk 'N' More,* the Tenth Circuit discussed the difference between mandatory and permissive forum selection clauses and acknowledged that "a waiver of one's statutory right to remove a case from a state to a federal court must be 'clear and unequivocal.'" *Milk 'N' More,* 963 F.2d at 1346 (quoting *Regis Assocs. v. Rank Hotels (Management) Ltd.,* 894 F.2d 193, 195 (6th Cir. 1990)). A clause stating "venue for any dispute arising under or in relation to this contract shall lie only in the Seller's state and county," has been deemed

5

mandatory. *Excell, Inc. v. Sterling Boiler and Mechanical, Inc.*, 106 F.3d 318, 321 (10th Cir. 1997) (quoting *Thompson v. Founders Group Intern.*, 886 P.2d 904, 910 (Kan. App. 1994) (citation omitted)). In contrast, permissive forum selection clauses authorize jurisdiction in a designated forum, but do not "prohibit litigation elsewhere." *Id.* (quoting *Thompson v. Founders Group Intern.*, 886 P.2d 904, 910 (Kan. App. 1994).

The Tenth Circuit has provided analysis for determining whether a forum selection clause is permissive or mandatory in *Excell, Inc* by providing an example of a permissive clause and by then finding the clause at issue to be mandatory. The court noted that an example of a permissive forum selection clause is: "The parties agree that in the event of litigation between them, Franchise Owner stipulates that the courts of the State of Michigan shall have personal jurisdiction over its person, that it shall submit to such personal jurisdiction, and that venue is proper in Michigan." *Id.* (quoting *Thompson*, 886 P.2d at 910 (Kan. App. 1994) (citation omitted). The *Excell, Inc* court then found that the contract which stated, "[j]urisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado" was a mandatory forum selection clause, requiring the case to be heard in state court. The court reasoned that because federal court venues are stated in terms of judicial districts and the language was in terms of counties the contract limited the case to state court.

The court finds that the forum selection clause at issue here is mandatary, as the parties agreed by contract that "the proper venue shall be Wyandotte County, Kansas." "The proper venue" is language of exclusivity. Had the parties contemplated a permissive clause, they could have stated that "venue shall be proper in Wyandotte County, Kansas," which would have

6

made Wyandotte County a proper venue but would not have prohibited litigation in other venues. Instead, the parties stated "the proper venue shall be Wyandotte County, Kansas," which designates a venue while prohibiting other venues. Also, the language in the clause refers only to a specific county, the identification used for state court venue, and not to a specific judicial district, the identification used for federal court venue, and therefore like in *Excell, Inc.*, the court finds that venue is intended to lie only in state district court. *See Excell Inc.*, 106 F.3d at 321. Moreover, as plaintiff persuasively argues, the filing of either a complaint or a notice of removal in federal court at the clerk's office in Kansas City, Kansas, which is located in Wyandotte County, Kansas, does not guarantee that the venue for trial would be Wyandotte County, Kansas. D. Kan. Rule 40.2 makes it clear that a federal case filed in Kansas City, Kansas may also be heard in Wichita, Kansas or Topeka, Kansas, both outside of Wyandotte County, Kansas. Because, therefore, the parties entered into a mandatory forum selection clause in which they agreed that Wyandotte County, Kansas is the proper venue for litigation, the court grants plaintiff's motion for remand.

Before doing so, the court addresses one final issue, plaintiff's request for an award of attorneys' fees and costs associated with obtaining the remand order. See 28 U.S.C. § 1447(c) ("An order remanding may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). In deciding whether to award costs under § 1447(c), the key factor to consider is the propriety of defendant's removal. The district court does not have to find that the state court action has been removed in bad faith as a prerequisite to awarding attorneys' fees and costs under § 1447(c). *Excell, Inc. v. Sterling Boiler & Mech.,*

*Inc.*, 106 F.3d 318, 322 (10th Cir. 1997) (citation omitted) (citing *Daleske v. Fairfield Cmtys, Inc.*, 17 F.3d 321, 324 (10th Cir. 1994)). The district court has "wide discretion" in this matter. *Daleske*, 17 F.3d at 325. The court finds that such an award should be made here.[1] Plaintiff, however, did not file an affidavit in support of an amount for fees and expenses. Plaintiff will have until May 24, 2005 in which to submit a supporting affidavit. Defendant shall have until June 6, 2005 to file any response, and plaintiff shall have until June 13, 2005 to file any reply.

---

[1] Defendant, in his response to plaintiff's motion to remand, does not argue that the court should not grant attorney's fees or expenses.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's motion for remand (Doc. # 17) and upon consideration of the affidavit by plaintiff regarding the amount requested and any response by defendant, the court will make a further order regarding payment of reasonable expenses and fees associated with obtaining the remand order. The case is remanded to the District Court of Wyandotte County, Kansas. A certified copy of this order of remand shall be mailed by the clerk to the clerk of the state court.

**IT IS SO ORDERED** this 17th day of May, 2004.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge