## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**L.G. BARCUS & SONS, INC.,**

      **Plaintiff,**

      **v.**                              **Case No.  05-2123-JWL**

**WILLIAM W. FAHERTY,**

      **Defendant.**

_____

### MEMORANDUM AND ORDER

On May 17, 2004, the court granted plaintiff's motion for remand, finding venue was governed by a mandatory forum selection clause in the employment contract between plaintiff and defendant that requires any litigation to take place in state court in Wyandotte County, Kansas. As part of that order, the court granted plaintiff's request for attorneys' fees and costs contingent upon submission of an affidavit in support of attorneys' fees and costs. This matter is currently before the court on consideration of plaintiff's application for attorneys' fees and costs (Doc. # 23) and the affidavit of Ryan B. Denk, which is attached as exhibit A. As explained more fully below, the court orders defendant to pay plaintiff $1,928.44.[1]

---

[1]  The defendant argues that plaintiff did not comply with Local Rule 54.2, as it did not consult with defendant to attempt to reach an agreement with regard to a fee award. The reason is because the court ordered plaintiff to simply file an affidavit in support of its request for attorneys' fees as this is a case involving a small number of hours where there would have been little room for negotiation.

Plaintiff requests $1,905.50 for attorneys' fees.   This figure represents time spent by Ryan B. Denk, an attorney with McAnany, Van Cleave & Phillips, P.A. ("McAnany, Van Cleave & Phillips"), and Karen L. Brokesh, a paralegal with McAnany, Van Cleave & Phillips.   Mr. Denk's billing rate for 2005 is $115.00, and plaintiff seeks compensation for 15.7 hours, with 13.4 hours reviewing defendant's motion to remove and researching, drafting, and  editing plaintiff's motion to remand, 1.2 hours reviewing and responding to  defendant's motion for an extension of time to respond to plaintiff's motion to remand, and 1.1 hours preparing the application for attorneys' fees.   Ms. Brokesh's  billing rate for 2005 is $50.00, and plaintiff seeks compensation for 2 hours which were spent preparing plaintiff's application for attorneys' fees.

Defendant responds by arguing that spending more than 4 hours to prepare the motion to remand was unreasonable and therefore the court cannot award plaintiff the full amount of fees sought.   Defendant also argues that it is improper for plaintiff to request compensation for time reviewing the state docket sheet, reviewing and responding to defendant's motion for a time extension for plaintiff's motion for remand, participating in a phone conference with the court regarding defendant's request for an extension, and preparing an application for fees because these expenses were not a result of removal.

As set out in 28 U.S.C. § 1447(c), "remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal."   When awarding fees, the court must conduct an independent inquiry into the reasonableness of the

attorney's fees requested.  *Huffman v. Saul Holding Ltd. Partnership*, 262 F.3d 1128, 1134 (10th Cir. 2001).

The court finds that the 13.4 hours reviewing defendant's motion to remove and researching, drafting, and  editing plaintiff's motion to remand was a reasonable amount of time as this case required research and analysis regarding the effect of a venue clause which was part of an employment contract that defendant argued was not binding.  The court also finds that 1.2 hours reviewing and responding to defendant's motion for an extension of time to respond to plaintiff's motion to remand was incurred as a result of removal, as plaintiff would not have incurred this expense had defendant not removed the case, and the court finds that the time spent on this activity was reasonable. The court also finds that the billing rate for Mr. Denk is reasonable, and the court notes that defendant does not challenge the reasonableness of his billing rate.

Defendant also argues that plaintiff is not entitled to compensation for time preparing the attorneys' fee application, citing no authority in support if its argument.  The Tenth Circuit, however, in *Case v. Unified Shcool Dist. No. 233* held that time expended by counsel in preparing  a fee application can be awarded as part of attorneys' fees.  157 F.3d 1243, 1254 (10th Cir. 1998) ("An award of reasonable attorneys' fees may include compensation for work performed in preparing and presenting the fee application.").      Therefore, the court will consider the reasonableness of the time spent preparing the fee application.  The court finds that the 2 hours spent by Ms. Brokesh was reasonable in this case, as she both drafted the affidavit of Ryan Denk and prepared the itemization of fees, and that the 1.1 hours spent by Mr.

Denk preparing and reviewing the fee application was reasonable.  The court also finds that the billing rate for Ms. Brokesh is reasonable, and the court notes that defendant does not challenge the reasonableness of her billing rate.

The court, therefore, orders that plaintiff is awarded $1,905.50 for attorney fees, composed of $1,805.50 for Mr. Denk's time (15.7 hours x $115 per hour) and $100 Ms. Brokesh's time (2 hours x $50 per hour).

Plaintiff also requests $22.94 for Westlaw charges.  Defendant does not object to this expense, and therefore, the court orders defendant to pay the amount requested by plaintiff.

Based upon the court's reasoning explained fully above, the court grants plaintiff an award of  $1,928.44, consisting of $1,905.50 for attorneys' fees and $22.94 for Westlaw fees.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff is awarded $1,928.44 for attorney fees and costs incurred as a result of defendant's motion for removal.

**IT IS SO ORDERED** this 23rd  day of June, 2004.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge